**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-03-00059-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Wendell Jay Nash, | |
| Defendant. | |

Pending before the Court is Defendant Wendell Jay Nash's Motion for Compassionate Release (the "Motion") (Doc. 150) and the Government's Response (Doc. 151). The time for Defendant to file a reply has expired. *See* LRCrim 12.1; LRCiv 7.2(d). For the following reasons, the Motion is DENIED.

**I.      BACKGROUND**

On February 11, 2004, Defendant was found guilty by jury verdict of first-degree murder or aiding and abetting in first-degree murder. (Doc. 155 at 69). On May 10, 2004, this Court sentenced Defendant to life imprisonment in the custody of the Bureau of Prisons ("BOP") with credit for time served and five years of supervised release. (*Id.* at 82). Defendant is housed at Springfield Medical Center for Federal Prisoners ("Springfield MCFP"), (Doc. 151 at 2), and has no scheduled release date, (Doc. 150 at 2). Defendant has served eighteen years of his life sentence. (Doc. 151 at 2).

Defendant is 48 years old, is overweight, and suffers from heart failure, hypertension, diabetes, and chronic kidney disease. (*Id.* at 2–3). Defendant was diagnosed

with COVID-19 on December 7, 2020. (*Id.* at 3). He experienced fever, body aches, nausea, shortness of breath, and fatigue, but did not require significant medical intervention other than receiving oxygen, which he has not used since recovering from COVID-19. (Doc. 155 at 20, 25–30, 32–62, 91). Defendant has since recovered and reports that he feels no "COVID like symptoms" and feels "real good." (*Id.* at 20, 25, 27, 31–32). Defendant received the first dose of the Moderna COVID-19 vaccine on February 24, 2021. (*Id.* at 103–04).

On January 28, 2021, Defendant, through his attorney, made a written request to the BOP for compassionate release based on concerns surrounding COVID-19. (Doc. 155 at 86–88). On February 26, 2021, Warden J. E. Krueger denied Defendant's request. (*Id.* at 89). Defendant then filed the Motion on March 9, 2021. The Government filed its response, Doc. 151), and the time for Defendant to file a reply has expired, *see* LRCrim 12.1; LRCiv 7.2(d).

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to the general rule that allows a court to reduce a term of imprisonment if a defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1). "Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director." *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020). Now, after the enactment of the First Step Act of 2018, a defendant may bring such a motion for compassionate release under § 3582(c) after first exhausting all administrative rights to appeal with the BOP. *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019).

Next, for a court to grant compassionate release it must find "that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(1)(A). The Ninth Circuit has held that district courts are "'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). Further, U.S.S.G. § 1B1.13 provides "extraordinary and compelling reasons" that include (1) a medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) other reasons as determined by the Director of the BOP. *See* U.S.S.G. § 1B1.13 n.1; *see also Johns*, 2019 WL 2646663, at *1–2. While the Ninth Circuit has determined that U.S.S.G. § 1B1.13 is not binding when a prisoner, rather than the Director of the BOP, moves for compassionate release, it may still "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 2021 WL 1307884, at *4.

In addition to showing extraordinary and compelling reasons, a district court may, but is not required to, consider whether a defendant has shown he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13; *see Aruda*, 2021 WL 1307884, at *4. 18 U.S.C. § 3142(g) lists factors to be considered in this determination including the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the danger that the defendant would pose to the community. *See* 18 U.S.C. § 3142(g). "A defendant bears the burden of demonstrating that he poses no danger to the community upon release." *United States v. Magana-Lopez*, No. CR1104200001TUCRCCJR, 2020 WL 6827766, at *4 (D. Ariz. Nov. 20, 2020).

Finally, 18 U.S.C. § 3582(c) also requires a court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when analyzing a motion for compassionate release. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

- 3 -

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). A court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2 (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. CR 18-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (same). Thus, "compassionate release 'due to a medical condition' is generally treated as 'an extraordinary and rare event.'" *United States v. Hearron*, No. CR 91-392-2-TUC-CKJ, 2020 WL 4569556, at *5 (D. Ariz. Aug. 7, 2020) (quoting *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

## III. ANALYSIS

Both Defendant and the Government agree that Defendant has exhausted his administrative remedies. (*See* Docs. 150 at 2–3; 151 at 3). Thus, the Court will consider Defendant's administrative remedies exhausted. The parties disagree on whether there are extraordinary and compelling reasons warranting Defendant's release, whether Defendant poses a danger to the community, and whether the § 3553(a) factors warrant Defendant's release. The Court will analyze these areas in turn.

### A. Extraordinary and Compelling Reasons

Defendant argues that there are extraordinary and compelling reasons warranting his release because he has already contracted and survived the COVID-19 infection, because he has numerous COVID-19 risk factors, and because his likelihood of contracting COVID-19 while incarcerated is greater than if he were released. (Doc. 150 at 5–10). The Government responds that Defendant has not shown extraordinary and compelling reasons because his risk of reinfection is low since he received his first dose of COVID-19 vaccine, that Defendant did not suffer severe illness relating to his previous COVID-19 infection, and that Springfield MCFP has been successful in mitigating the risks from COVID-19. (Doc. 151 at 9-11).

#### 1. Chance of Reinfection

Defendant asserts that his risk of COVID-19 reinfection constitutes an extraordinary

- 4 -

and compelling reason for release because there is a risk that a second infection may be "symptomatically more severe than the first." (Doc. 150 at 5). Courts in this circuit, however, have held that "the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release." *United States v. Risley*, No. 1:12-CR-0363 AWI, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020); *see United States v. Purry*, No. 214CR00332JADVCF1, 2020 WL 5909793, at *2 (D. Nev. Oct. 6, 2020). The fact that Defendant has recovered and did not suffer severe effects from his COVID-19 infection also undercuts his argument that the chance for reinfection constitutes extraordinary and compelling reasons. *See United States v. Jordan*, No. 3:18-CR-04496-GPC, 2020 WL 6504958, at *3 (S.D. Cal. Nov. 5, 2020) (holding that defendant's recovery and lack of severe effects from a previous COVID-19 infection weighed against finding extraordinary and compelling reasons); *United States v. Dann*, No. 15-CR-1299-GPC, 2020 WL 6395934, at *4 (S.D. Cal. Nov. 2, 2020) (same).

Further decreasing the risk associated with reinfection, Defendant has received his first dose of the Moderna COVID-19 vaccine. (Docs. 151 at 3; 155 at 103–04). Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release. *See United States v. Cortez*, No. CR180085801PHXSPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) (denying compassionate release because defendant had received vaccine); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (same). Defendant cites only one case in which compassionate release was granted to a defendant who had been vaccinated, *United States. v. Sandoval*. (*See* Doc. 150 at 7 (citing *United States v. Sandoval*, No. CR14-5105 BHS, 2021 WL 673566 (W.D. Wash. Feb. 22, 2021)). In that case, however, the defendant provided an expert opinion noting that the defendant was at an increased risk of reinfection because of the immunosuppressant drugs the defendant was on following a kidney transplant. *See Sandoval*, 2021 WL 673566, at *4–*5. Here, Defendant has provided no expert opinion on his susceptibility to COVID-19, no evidence of receiving an organ transplant, and no evidence of being on immunosuppressant drugs. (*See* Doc. 150).

Defendant cites several cases in which compassionate release was granted even after the defendant had already contracted COVID-19 once but had not received any COVID-19 vaccine. (*See id.* at 7 n.2). Each of these cases, however, are distinguishable from the instant case in a number of ways, including that the defendants had not received any vaccine. *See United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *8–*9 (E.D. Pa. Oct. 21, 2020) (defendant had not received vaccine and was held in a facility that had a "lack of testing" and "poor understanding of the size and scope of the vulnerable population at the facility"); *United States v. Huarte*, No. CR 11-20587, 2020 WL 4429424, at *2 (S.D. Fla. July 31, 2020) (defendant had not received vaccine and suffered from Legionnaires' Disease which put him at increased risk for reinfection); *United States v. Fletcher*, No. CR TDC-05-0179-01, 2020 WL 3972142, at *2 (D. Md. July 13, 2020) (defendant had not received vaccine and was housed in "arguably the hardest hit federal prison [by COVID-19] in the United States"); *United States v. Moore*, No. EDCR 15-00055-VAP (C.D. Cal. July 16, 2020) (defendant had not received vaccine, nearly every inmate housed in facility had contracted COVID-19, and defendant continued to suffer from COVID-19 symptoms); *United States v. Watson*, No. 318CR00025MMDCLB1, 2020 WL 4251802, at *2 (D. Nev. July 22, 2020) (defendant had not received vaccine, was housed with dormmates who were COVID-19 positive, and was fearful of non-sex offender's in dormitory "who harass and intimidate him").

Because Defendant has had and recovered from COVID-19, received a vaccine dose, and presented no evidence of increased risk for reinfection, the Court finds that Defendant's chance of reinfection does not constitute an extraordinary and compelling reason for release.

### 2. COVID-19 Risk Factors

Defendant avers that his preexisting conditions put him at increased risk for severe complications from COVID-19 and constitute extraordinary and compelling reasons for release. (Doc. 150 at 8–9). These preexisting conditions include chronic kidney disease, cardiomyopathy, heart failure, hypertension, obesity, diabetes, and being a former smoker.

(*Id.*). The Government argues that, while these preexisting conditions entail an increased risk of severe illness from COVID-19, they do not constitute extraordinary and compelling reasons for release in Defendant's case. (Doc. 151 at 10).

Here, Defendant has already contracted COVID-19 and did not suffer significant symptoms from it. *See supra* Part I. Further, Defendant has received the first dose of the Moderna vaccine which has been found 94% effective in preventing COVID-19 infection and even more effective in preventing severe disease. *See* Food and Drug Administration, Moderna COVID-19 Vaccine Emergency Use Authorization Review Memorandum (Nov. 30, 2020), https://www.fda.gov/media/144673/download. Thus, the Court finds that Defendant's preexisting conditions do not present extraordinary and compelling reasons warranting compassionate release. *See Dann*, 2020 WL 6395934, at *4 (holding that defendant's low chances for suffering severe COVID-19 symptoms weighed against compassionate release even though defendant had preexisting conditions that increased risk from COVID-19).

### 3. Likelihood of Contracting COVID-19 While in Prison

Defendant also argues that the infection rates within Springfield MCFP constitute an extraordinary and compelling reason warranting his release. (Doc. 150 at 9–10). The numbers, however, do not support such an argument. As of April 26, 2021, Springfield MCFP had zero positive cases among both inmates and staff. *See* Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp# (last visited Apr. 26, 2021). Springfield MCFP's cases are especially low when compared to some other BOP facilities. *See id.* (showing 107 positive inmates at Berlin FCI, 35 positive inmates at San Diego MCC, and 18 positive inmates at Oakdale II FCI). These numbers show that Springfield MCFP's efforts at mitigation have been effective, so Defendant's likelihood of contracting COVID-19 while at Springfield MCFP is not an extraordinary and compelling reason warranting release. *See United States v. Espino*, No. 117CR00142DADBAM, 2021 WL 107229, at *7 (E.D. Cal. Jan. 12, 2021) (holding that likelihood of contracting COVID-19 in prison was not an extraordinary and compelling

reason due to prison's effective mitigation efforts); *Partida*, 2020 WL 3050705, at *6 (same); *United States v. Khacho*, No. 1:16-CR-00074-NONE, 2020 WL 7024216, at *6 (E.D. Cal. Nov. 30, 2020) (same).

### 4.     Conclusion Regarding Extraordinary and Compelling Reasons

The Court finds that Defendant has failed to show that his chance of reinfection, his COVID-19 risk factors, or his likelihood of contracting COVID-19 while in prison constitute extraordinary and compelling reasons warranting a grant of compassionate release. While the lack of extraordinary and compelling reasons is enough to end the Court's analysis, out of an abundance of caution, the Court will also examine the danger Defendant poses to the community and the 18 U.S.C. § 3553(a) factors.

### B.     Danger to the Community

"Even where extraordinary and compelling reasons exist, compassionate release may not be granted where the defendant is a 'danger to the safety of any other person or to the community.'" *United States v. Capito*, No. CR1008050001PCTMTL, 2020 WL 5846608, at *5 (D. Ariz. Oct. 1, 2020) (quoting U.S.S.G. § 1B1.13(2)). Defendant bears the burden of demonstrating that he poses no danger to the community upon release. *Magana-Lopez*, 2020 WL 6827766, at *4. The Government argues, and the Court agrees, that Defendant has not carried this burden. (*See* Doc. 151 at 11–12).

Defendant asserts that, while his crime was a serious one, his age and medical conditions show that he is near the end of his life and thus poses no danger to the community. (Doc. 10–11). Defendant's crime was unquestionably brutal. He and others stabbed his then girlfriend 24 times in the face, neck, hands, chest, stomach, and back, and then disposed of her body in a lake. (Doc. 155 at 69–71). Such a serious offense supports a finding that Defendant is still a danger to the community. *See United States v. Chee*, No. CR-82-00116-PHX-JAT, 2021 WL 66271, at *4 (D. Ariz. Jan. 7, 2021) (holding that the serious nature of defendant's crime supported the finding that he was a danger to the community); *United States v. Osorio-Arellanes*, No. R1100150001TUCDCBBGM, 2021 WL 673292, at *2 (D. Ariz. Feb. 22, 2021) (same); *United States v. Herrera*, No.

CR0500729005PCTDWL, 2020 WL 7388475, at *2 (D. Ariz. Dec. 16, 2020) (same).

Defendant further cites no case law to support the notion that courts have considered lower likelihood of recidivism as a dispositive factor in determining a defendant's danger to the community. The Court is unconvinced that Defendant's age of 48 and non-incapacitating medical conditions contribute to a finding that he is no longer a danger to the community. *See United States v. Baye*, 464 F. Supp. 3d 1178, 1191 (D. Nev. 2020) (rejecting defendant's argument that he posed less of a danger to the community because of his advanced age and use of a cane); *see also United States v. Lane*, No. CR120141901PHXDGC, 2021 WL 661982, at *6 (D. Ariz. Feb. 19, 2021) (finding that defendant still posed a danger to the community despite his BOP PATTERN score placing him at a low risk for recidivism)

Defendant next asserts that his "less than stellar" performance in prison should not prevent his compassionate release because his "concerning" behavior ended in 2015. (Doc. 150 at 11–12). While in prison, Defendant was cited for, among other things, possessing a hazardous tool, possessing a dangerous weapon that had recently been used for assault, drug/alcohol use, possessing a dangerous weapon, bribing a staff member, threatening a staff member, fighting, and assault. (*See* Doc. 155 at 11–19). Defendant has also been cited as recently as 2019. (*See id.* at 11–12). Defendants with no such records while in prison have been denied compassionate release when their underlying crime was violent. *See Capito*, 2020 WL 5846608, at *6 (holding that, although defendant had been a model prisoner and completed rehabilitative programs while incarcerated, defendant was still a danger to the community, in part, because of the nature of his crimes); *United States v. Applewhite*, No. 6:08-CR-60037-MC, 2020 WL 137452, at *2 (D. Or. Jan. 13, 2020) (same).

Further, Defendant has a criminal history including a conviction for theft in which Defendant threatened to kill a victim if he called the police. (Doc. 155 at 72). Defendant also has numerous tribal arrests for crimes including assault, assault and battery, domestic violence, and disorderly conduct. (*Id.* at 73–74).

Thus, the Court finds that, in light of the nature of Defendant's crime, conduct in prison, and criminal history, Defendant has failed to show that he is not a danger to the community if released, and his request for compassionate release should be denied. *See United States v. Alvarez-Espinoza*, No. CR080061102PHXDGC, 2020 WL 5658932, at *3 (D. Ariz. Sept. 23, 2020) (finding that defendant had not shown he was not a danger to the community due to the nature of his crime); *Capito*, 2020 WL 5846608, at *6 (holding that defendant was a danger to the community because of his criminal history and the nature of his crimes).

### C.    18 U.S.C. § 3553(a) Factors

The Court finds that the 18 U.S.C. § 3553(a) factors also weigh against compassionate release. The nature and circumstances of Defendant's crime are grievous. *See supra* Section III.B. Thus, after serving approximately eighteen years on a life sentence, a reduction of Defendant's prison sentence is not warranted as it would not reflect the seriousness of Defendant's actions. *See United States v. Rice*, No. 12-CR-818-PJH, 2020 WL 3402274, at *3 (N.D. Cal. June 19, 2020) (finding, in part, that the nature of defendant's crime did not warrant reducing defendant's prison sentence); *see United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *8 (E.D. Va. Feb. 10, 2020) (holding that to allow a "murderer to walk free before he has completed his sentence" would not reflect the seriousness of his crime).

Additionally, reducing Defendant's sentence would not afford adequate deterrence. When imposing the original sentence, the Court issued a sentence within the sentencing guideline range. (*See* Doc. 155 at 81). Part of the reasoning for this sentence was the need to deter Defendant and others from engaging in similar criminal conduct. Reducing Defendant's sentence would work against that reasoning and undercut the sentence's deterrent effect.

Further, Defendant's history and characteristics do not support a reduction of his sentence. Defendant has a criminal history including a conviction for theft in which Defendant threatened to kill a victim if he called the police, and tribal arrests for crimes

including assault, assault and battery, domestic violence, and disorderly conduct. (*Id.* at 72–74). This criminal history combined with Defendant's history of substance abuse, (*see id.* at 75), counsel against compassionate release.

The Court notes that release of Defendant to an unoccupied home two miles away from a dialysis facility is asserted to be an available alternative to him serving the remainder of his prison sentence. (*See* Doc. 150 at 12). The asserted availability of an alternative sentence, however, does not overcome the § 3553(a) factors weighing against compassionate release. Thus, the Court finds that an evaluation of the § 3553(a) factors counsels against compassionate release. *See Magana-Lopez*, 2020 WL 3574604, at *2 (noting that denial of compassionate release is appropriate when the § 3553(a) factors weigh against release); *United States v. Silva*, No. 4:17-CR-554-PJH-03, 2020 WL 4039218, at *3–4 (N.D. Cal. July 17, 2020) (same); *Rice*, 2020 WL 3402274, at *3 (same); *see also United States v. Esparza*, No. CR 1:16-00122-DAD-BAM, 2020 WL 4805055, at *6 (E.D. Cal. Aug. 18, 2020) (noting that the court would need to find that the § 3553(a) factors supported release even if extraordinary and compelling reasons for compassionate release were found).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 150) is **DENIED**.

Dated this 29th day of April, 2021.

Michael T. Liburdi
United States District Judge